# In the United States Court of Federal Claims

(Pro Se)

|  |  |
|---|---|
| JOSEPH A. CUNNINGHAM, ) | |
| ) | No. 19-273C |
| Plaintiff, ) | (Filed: March 20, 2019) |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | Received - USCFC |
| ) | |
| Defendant. ) | MAR 2 0 2019 |
| ) | |

*Joseph Cunningham*, Bronx, NY, pro se.

*Russell T. Upton*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Allison Kidd-Miller*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Joseph H. Hunt*, Assistant Attorney General, for Defendant.

**OPINION AND ORDER**

**KAPLAN, Judge.**

On February 12, 2019, pro se Plaintiff Joseph A. Cunningham filed a complaint in this court. Docket No. 1. On the same date he also filed an application to proceed in forma pauperis. Docket No. 4. On March 5, 2019, the government filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Docket No. 6. The government argues that Mr. Cunningham has failed to meet his burden to establish subject-matter jurisdiction and that, even if the Court were to determine it had jurisdiction, Mr. Cunningham has failed to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss ("Def.'s Mot.") at 5–7.

For the reasons discussed below, Mr. Cunningham's application to proceed in forma pauperis is **GRANTED**. However, because the Court finds that it lacks subject-matter jurisdiction over his complaint, the government's motion to dismiss is **GRANTED** and the case will be dismissed in its entirety.

I.      **Mr. Cunningham's Application To Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is

unable to pay such fees or give security therefor."[1] A plaintiff does not have to "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont De Nemours & Co., 335 U.S. 331, 339 (1948). An affidavit that demonstrates that a plaintiff is unable to pay the fee or give security and still provide for himself and any dependents is sufficient. See id.; see also Waltner v. United States, 93 Fed. Cl. 139, 143 (2010) (stating that the question is whether "paying such fees would constitute a serious hardship on the plaintiff") (internal quotation and citations omitted).

Mr. Cunningham states in his application that he currently has "0" dollars in cash or in a checking or savings account. Pl.'s Appl. To Proceed In Forma Pauperis at 2. Mr. Cunningham has also listed $2400 in monthly expenses. Id. He is currently unemployed and receives "unemployment insurance" but does not provide "the amount received in the last twelve (12) months." Id. at 1–2. Nevertheless, at his past job, he received $2000 a month. Id. at 2. Under these circumstances, Mr. Cunningham has sufficiently demonstrated that he is unable to pay the court's filing fee. His application to proceed in forma pauperis is therefore **GRANTED**.

## II.     The Government's Motion To Dismiss

In considering a motion to dismiss for lack of subject-matter jurisdiction, the Court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Court may, however, "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013).

Mr. Cunningham has not yet filed a response to the government's motion to dismiss, however the Court has an independent obligation to satisfy itself of its jurisdiction and may raise subject-matter jurisdiction sua sponte at any time. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Having considered the complaint and the government's motion, the Court finds that it lacks subject-matter jurisdiction and is obligated to dismiss the case on that ground.

The Tucker Act grants the United States Court of Federal Claims the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed.

---

[1] For purposes of 28 U.S.C. § 1915, the Court of Federal Claims is a court of the United States. 28 U.S.C. § 2503(d).

Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)); Rick's Mushroom Serv., Inc., 521 F.3d at 1343 ("[P]laintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States.") (citation omitted).

In his complaint, Mr. Cunningham appears to be challenging a foreclosure action. Compl. at 1. It appears that Mr. Cunningham is attempting to sue JP Morgan Chase, the Orlans PC Law Group, the United States District Courts for the Southern District of New York and the District of Delaware, and the United States Courts of Appeal for the Second and Third Circuits. Id. He alleges that these entities "would not provide the Accountant that is specifically stated within the statutes" and "violated the FAS 140 Set off or the recoupment under Title 12 USC," the Freedom of Information Act, "[the] 14th Amendment the right to due process," and "the Fair Debt Collection Prac[t]ices Act 15 USC section 1601, 1692, 1693." Id. at 1–2. Mr. Cunningham asks the Court to "assist the Plaintiff in a Forensic Accountant, set off the Accountant as provided in Title 12 and award the Plaintiff $2 million dollars in Recoupment." Id. at 4.

It is clear from the face of Mr. Cunningham's complaint that the Court lacks subject-matter jurisdiction. For one, Mr. Cunningham's complaint challenges the actions of financial institutions and non-governmental entities. The United States is the only proper defendant in the Court of Federal Claims. See United States v. Sherwood, 312 U.S. 584, 588 (1941); see also Del Rio v. United States, 87 Fed. Cl. 536, 539 (2009). Moreover, to the extent that Mr. Cunningham seeks judicial review of decisions by various federal courts, this Court does not have jurisdiction to review them. See Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). Therefore, these claims must be **DISMISSED**.

Further, Mr. Cunningham has fallen far short of identifying any "money-mandating" source of substantive law giving him a "right to money damages," as required for Tucker Act jurisdiction. See Jan's Helicopter Serv., 525 F.3d at 1306; see also Rick's Mushroom Serv., Inc., 521 F.3d at 1343; LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (providing that the Due Process clause of the Fourteenth Amendment is not money-mandating).

For these reasons, the Court lacks subject-matter jurisdiction over Mr. Cunningham's complaint. Accordingly, the government's motion to dismiss for lack of subject-matter jurisdiction is **GRANTED** and Mr. Cunningham's complaint is **DISMISSED without prejudice**. The Clerk shall enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge